IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| FRANCIS GRANDINETTI, #A0185087, | ) ) ) | CIV. NO. 19-00659 DKW-RT |
|---|---|---|
| Petitioner, | ) ) | DISMISSAL ORDER |
| vs. | ) ) | |
| STATE OF HAWAII, | ) ) | |
| Respondent. | ) ) | |

### DISMISSAL ORDER

Before the Court is Francis Grandinetti's "Federal Habeas Corpus Petition in No. 88-CR-2074-ATA." Pet., ECF No. 1. Grandinetti challenges his 1989 conviction in *State v. Grandinetti*, Cr. No. 88-2074 (Haw. 1st Cir. Ct. 1988), based on his allegedly "Illegal Transfer to County of Hawaii (1990-1994 ca.), Illegal Transfers all over U.S., 1995-2000." *Id.* For the following reasons, the Petition and this action are DISMISSED.

### I. 28 U.S.C. § 2254

Under 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [petitioner] is in *custody* in violation of the Constitution or laws or treaties of the United States" (emphasis added). Rule 4 of the Rules Governing § 2254 Cases in the United States District

Courts ("Habeas Rules") requires the district court to make a preliminary review of each petition for writ of habeas corpus. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the district court must summarily dismiss the petition under Habeas Rule 4. *See O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

## II. ANALYSIS

Grandinetti pled no contest in Cr. No. 88-2074 on December 21, 1988 and was sentenced to a five-year term of incarceration on February 22, 1989. *See* https://jimspss1.courts.state.hi.us. (1PC880002074) (last visited Dec. 20, 2019). Although Grandinetti has continued to file documents in this case, his sentence expired no later than February 22, 1994. While Grandinetti remains incarcerated under a separate conviction in *State v. Grandinetti*, Cr. No. 93-0141 (Haw. 3d Cir. Ct. 1993) (3PC930000141), he is not in custody for the sentence imposed in Cr. No. 88-2074. Thus, the Court lacks jurisdiction to consider his challenge to this conviction. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding that a person is not "in custody" under a conviction after the sentence imposed for it has fully expired).

If Grandinetti is again challenging his *current* conviction in Cr. No. 93-0141, the Court lacks jurisdiction to consider these claims without authorization

from the Ninth Circuit Court of Appeals because he has already challenged this conviction in *Grandinetti v. State*, Civ. No. 05-00254 DAE (D. Haw. 2005). *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); *see also* 28 U.S.C. § 2244(b)(3)(A).

Grandinetti's Petition and this action are DISMISSED without prejudice. The Clerk shall close the file and enter judgment.

IT IS SO ORDERED.

DATED: December 31, 2019 at Honolulu, Hawaii.

Derrick K. Watson
United States District Judge

---

Francis Grandinetti v. State of Hawaii, Civil No. 19-00659 DKW-RT; **DISMISSAL ORDER**

*Grandinetti v. State,* 1:19-00659 DKW/RT; Hab. '19;